McIlvaine, J.
The questions raised on the record before us should be determined by the following principles' and rules of law:
1. A part-owner of a vessel, in whose name a policy of insurance on the whole vessel, for account of the owners, is issued, becomes a trustee for all the owners, and, in case of loss, may sue on the policy in his own name alone.
2. A part-owner of a vessel has no authority, by reason of the joint-ownership, to insure the interests of other1 owners ; hence, a policy taken upon the whole vessel in his own name, without previous authority or subsequent ratification by other owners, is invalid, except as to the interest of the part-owner procuring it.
3. Where such policy was intended by the insurer to cover the whole vessel for the benefit of all concerned, but is invalid except as to the interest of the part-owner procuring it, the insurer is only liable to such part-owner for such portion of the sum insured as his interest in the vessel bears to the whole.
4. Where a policy of insurance contains a condition of avoidance on account of additional or over-insurance, such policy is not avoided by an alleged contract for other in *670 surance, when it is shown that such contract is invalid as to all excessive insurance.
When the refusal to charge as requested, and' the charge as given by the court below are tested by these rules, manifest errors appear. The instruction requested should have been given. The suggestion that it was an abstract proposition is not well made. The testimony tended to prove the facts named in the request. The rules of law embodied in this request are founded on the soundest principles. An insurer may implicitly rely on the information received from the applicant, in relation to the subject-matter, and the persons to be insured. If the Louisiana Mutual Insurance Company undertook to insure George in the sum of $4,500, upon the whole boat, believing from the representations of George, that he was the sole owner, while in truth he had an insurable interest only in three-fifths of the boat, it would be palpably unjust to hold the company as an insurer to the full amount named upon only a fraction of the property intended to be covered. If such representations had been fraudulently made, there is no doubt the policy would have been void in toto, and, being innocently but carelessly made, the contract should not be enforced for more than the proportion of the risk assumed which George’s interest bore to the whole vessel. It was upon the whole vessel, estimated to be worth $6,000 (in the application), that the company assumed a risk of $4,500. Upon three-fifths of the vessel it assumed the risk of no more than $2,700. There was, therefore, no valid insurance upon this boat or any of its parts, under the Louisiana Mutual Insurance Company’s policy, for more than $2,700. And by looking further into the record, we find that when this request was refused, the case, as it stood upon the admissions of the parties, showed that George had no authority from the owners of two-fifths of the vessel to insure their interests; hence, if the policy were to be construed as an insurance for the benefit of all the owners in the sum -of $4,500, it would still be invalid as to the two-fifths of ■the amount of the risk. Eor I take it to be perfectly clear, *671 that if the parties to this policy intended two-fifths of the risk assumed for the benefit of part-owners of the vessel who were not represented in the contract, and who never ratified it, George would have no right to apply to losses sustained by him on account of his three-fifths of the vessel, that part of the sum insured which was intended to -cover losses on account of the two-fifths, which, by want of authority or ratification, were not insured at all.
Now, the limitation upon the aggregate insurance, contained in the condition of the policy sued on, was $6,000. The amount of valid insurance obtained on the vessel, and on its parts, was $5,700, while the amount named in the two policies was $7,500. The former sum being less than the amount limited, and the latter in excess of it. To which of these amounts does the condition in the policy sued on relate ? If to the former, the policy has not been avoided under the condition ; if to the latter, it is void. The condition is: “ This policy shall become void if any further insurance has been or shall be made on said vessel, which, together with this insurance, shall exceed the sum. of six thousand dollars.” An agreement for insurance made by an unauthorized agent, unratified, is no contract of the principal. Invalid insurance is no insurance. We must, therefore, construe this condition as referring to valid insurance.
It is said that the evils intended to be avoided by conditions against over-insurance are as likely to result from invalid agreements for excessive insurance as from valid contracts. This may be so in some instances; and we have no "doubt a stipulation against such evils, in either case, might be made; but the question here is not as to what stipulations might be imposed by insurers, but what is the stipulation in this condition ?
It is true, the terms of this condition should be construed fairly; and it is but fair to say that they must also be strictly construed. The condition was intended to provide for a forfeiture of the contract of insurance, and a forfeiture *672 should not be declared by construction, when the strict terms of the condition do not require it.
I should here add that the fact, that the Louisiana. Mutual Insurance Company paid the full amount of its policy, has nothing to do with the question before us. If the policy sued on was not made void by the obtaining of the policy from the Louisiana Mutual Insurance Com’pany, it was not avoided by the payment of it.
We think the court below also erred in the charge given, in assuming in the face of the admissions upon the record,.' that two-fifths of the money paid by the Louisiana Mutual Insurance Company to George were received by him for the use of the plaintiff below. Also in holding that George had already received his full share of the insurance effected under the policy sued on.
With regard to George’s interest in the policy sued on, it is thought proper to remark that the principles above stated are generally applicable to it.
The facts in relation to George’s insurance under this policy are not fully set forth in the record.' It does appear, however, that the insurance was originally obtained upon three-fifths of the boat for the benefit of the Kirkers, who afterward sold all their insurable interests in the boat toGtorge. By this alienation the policy lapsed as to three-fifths of the insurance. The subsequent effort of the plaintiff, Knight, to revive the lapsed insurance for the benefit of George, may or may not have been successful. That. Knight had no authority from George to insure his interest at the time the policy was revived in favor of the then owners, to wit, on the 22d of February, 1871, is shown;, but whether or not that act was afterward ratified by George does not appear. If this policy became effective as an insurance in George’s favor, the plaintiff as his trustee-may rightfully prosecute this action for his benefit. But if George was not insured by this policy, it is clear that the-plaintiff has no remaining right of action under it, as it is admitted that he has already received from the defendant-11,500, which is more than the ratable share of the insur *673 -anee upon two-fifths of the boat owned by himself and Eisher at the time the insurance was first effected and at "the time of the loss.

Motion granted. Judgments reversed, and cause remanded.

Welch, C. J., White, Rex and Gilmore, JJ., concurred.